**CONNEXUS CREDIT UNION, Plaintiff,**

v.

**CONNEX CREDIT UNION, Defendant.**

No. 03–C–545–S.

United States District Court,
W.D. Wisconsin.

Dec. 11, 2003.

Brian G. Bodine, David H. Deits, Jill M. Ballo, Davis Wright Tremaine LLP, Seattle, WA, James R. Cole, Quarles & Brady LLP, Madison, WI, for Defendant Connex Credit Union.

Gabriel S. Gross, Jim Peterson, LaFollette Godfrey & Kahn, Madison, WI, for Plaintiff Connexus Credit Union.

MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Connexus Credit Union commenced this trademark infringement action alleging that defendant Connex Credit Union is infringing its federally registered "CONNEXUS" mark. Jurisdiction is based on 28 U.S.C. §§ 1338(a) and 1331. The matter is presently before the Court on defendant's motion to dismiss for lack of personal jurisdiction or, alternatively to transfer venue to

the District of Connecticut and on plaintiff's motion to enjoin defendant from prosecuting its present action in the District of Connecticut. The following facts are undisputed for purposes of these motions.

### FACTS

Plaintiff is a Wisconsin chartered credit union with its principal place of business in Wausau, Wisconsin. Only employees and retirees of the Liberty Mutual Group, Wausau Insurance Companies, Wausau benefits, Inc., Northcentral Technical College and their affiliates are eligible for membership with plaintiff. Liberty Mutual Insurance Company is headquartered in Boston, Massachusetts. Plaintiff has approximately 15,000 members, about 3000 of whom reside in New England and 100 of whom reside in Connecticut. Prior to June 9, 2003 plaintiff was called Wausau Insurance Employees Credit Union.

On May 12, 2003 Oregon Central Credit Union assigned to plaintiff its rights in the federally registered mark "CONNEXUS" for use in connection with "computerized banking services operated by phone and personal computer", subject to formal member approval changing plaintiff's name change to Connexus Credit Union. Membership approval occurred on June 9, 2003. On July 11, 2003 plaintiff applied for federal registration of the mark CONNEXUS for use in connection with credit Union services.

Defendant is a Connecticut chartered credit union with its principal place of business in Hartford, Connecticut. Only persons who live, work, worship or attend school in New Haven, Hartford or Middlesex Counties in Connecticut are eligible for membership with Defendant. Defendant has 31,000 members 9 of whom have moved from Connecticut and currently reside in Wisconsin. Members can transact business with defendant from outside Connecticut by mail, internet website or telephone. Prior to May 23, 2003 defendant was called Southern New England Financial Credit Union. On May 23, 2003 it changed its name to Connex Credit Union and by June 16, 2003 it had changed its letter head, signage and records to reflect the name change.

Plaintiff commenced this action on September 30, 2003, filing its complaint at 1:00 pm. The same day at 9:53 am defendant filed an action in the District of Connecticut alleging a trademark infringement claim against plaintiff and seeking a declaration that it did not infringe plaintiff's mark.

### MEMORANDUM

■ Defendant now moves to dismiss for lack of personal jurisdiction or, alternatively, to transfer the matter to Connecticut for consolidation with its pending case, while plaintiff seeks to enjoin defendant from proceeding with the Connecticut action. Because personal jurisdiction is not required to transfer an action pursuant to 28 U.S.C. § 1404, *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986), and because a transfer to Connecticut is clearly warranted, the Court now grants the motion to transfer without resolving the motion to dismiss for lack of personal jurisdiction.

■ A motion for change of venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

There is no question that this action might have been brought in the United States District Court for the District of Connecticut. Accordingly, the Court's inquiry focuses solely on "the convenience of parties and witnesses, in the interest of justice." In ruling on this transfer motion the Court must consider all circumstances of the case, using the three statutory factors as place holders in its analysis. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

■ The convenience of the parties does not support a transfer, nor does it weigh heavily against one. Certainly Wisconsin is a more convenient forum for plaintiff and Connecticut more convenient for defendant as reflected in the filing of competing actions. The choice of one forum over another will result in greater convenience for one party at

the expense of the other. Such a shift in convenience does not generally support a transfer. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Furthermore, neither the "first to file" nor the "natural plaintiff" rules as discussed in *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir.1987) have particular weight under the circumstances. The competing actions were filed almost simultaneously. The dispute had fully ripened at the time of the declaratory judgment action and both parties have advanced affirmative trademark claims claiming a prior interest in the mark. Although plaintiff's claims assert a federally registered trademark the suits are effectively equivalent mirror images. Each party acted promptly to protect its interest in the forum most convenient to it. There is little basis to favor one venue over the other on the basis of the nature of the claims or the timing of the filings.

Consideration of the convenience of potential non-party witnesses, however, weigh in favor of transfer. A key element typically presenting a factual dispute in trademark infringement actions is the likelihood of consumer confusion resulting from competing marks. It is apparent that evidence of confusion or lack of confusion will implicate Connecticut—not Wisconsin—witnesses. The parties do not compete for customers in Wisconsin because Wisconsinites are ineligible for membership with defendant. Those nine Wisconsinites who have an existing relationship with defendant are unlikely to be confused. In contrast, overlapping competition for members does exist in and around Connecticut making it the sole source of witnesses and other evidence of confusion. The potential greater availability of such witnesses for live testimony weighs in favor of a transfer. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The interest of justice factor weighs heavily in favor of transfer. There is no dispute that the pending Connecticut and Wisconsin actions are mirror images of one another. The interest of justice is undermined by the duplication and waste that occurs in such a situation.

To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent.

*Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). Accordingly, the interest of justice requires that one case or the other be transferred or dismissed. Although this might be accomplished by enjoining prosecution of the Connecticut action, the advantage of greater access to relevant evidence and witnesses makes transfer the obvious choice in the interest of justice.

■ Additionally, defendant's pending motion to dismiss for lack of personal jurisdiction over defendant suggests that the interest of justice would benefit from a transfer of venue. While plaintiff is correct that the mere assertion of a personal jurisdiction defense should not compel transfer, examination of the motion reveals that the defense has a significant likelihood of success. Assertion of personal jurisdiction depends primarily on the application of evolving law concerning the effect of internet web sites on personal jurisdiction analysis. *See Zippo Mfg. Co. v. Zippo Dot Com. Inc.*, 952 F.Supp. 1119 (W.D.Pa.1997). The internet interactions by defendant in Wisconsin defy easy categorization because they are limited to transactions with members who previously established a relationship with defendant in Connecticut and, because of membership restrictions, do not involve any solicitation of Wisconsin residents to enter into a relationship with defendant.

Conservation of judicial resources and avoidance of unnecessary legal expenses are advanced by a transfer from a forum in which there is a question of personal jurisdiction to a district in which there are no such uncertainties. 15 C. WRIGHT, A. MILLER AND E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3854 at n. 31 and accompanying text (1986). Plaintiff understates the impact of this issue on the interest of justice by suggesting that the matter has already been briefed and a decision by the court taking jurisdiction will render the concern moot.

**468**

This argument ignores the expenditure of judicial resources to initially resolve the issue and, assuming the Court were to find it proper to assert personal jurisdiction, ignores the legal and judicial costs on appeal and the risk of reversal which could negate and waste the resources expended for the entire prosecution.

Accordingly, the convenience of the parties and witnesses and the interest of justice compel transfer of this matter to the District of Connecticut.

### ORDER

IT IS ORDERED that plaintiff's motion to enjoin prosecution of the Connecticut action is DENIED.

IT IS FURTHER ORDERED that this matter be transferred to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a).